UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,
    Plaintiff,

vs.

MICA CONTRACTING, LLC, et al.,
    Defendants.

Case No. 1:18-cv-590
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff R. Alexander Acosta, Secretary of Labor ("Secretary"/"plaintiff"), brings this action to enjoin and restrain defendants MICA Contracting LLC ("MICA"), J&E Builders LLC ("J&E"), Sarah Elaine Thompson, Timothy Thompson, and John Wayne House from violating Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.*, pursuant to Section 17 of the FLSA, and to recover unpaid minimum wage and overtime compensation owed pursuant to Section 16(c) of the FLSA. (Doc. 1). This matter is before the Court on defendant Sarah Elaine Thompson's motion to dismiss (Doc. 18) and plaintiff's response in opposition (Doc. 19). Defendant Thompson did not file a reply brief in support of her motion to dismiss.

**I. Factual Background**

The Secretary filed its complaint against defendants on August 21, 2018. (Doc. 1). Plaintiff alleges, in relevant part, the following facts: defendant Sarah Elaine Thompson[1] was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), with respect to both MICA and J&E. (Doc. 1 at 3). Ms. Thompson was the sole owner of MICA at all relevant times. (*Id.*). Plaintiff alleges that Ms. Thompson "actively supervised the day-to-day operations

---

[1] Because defendant Sarah Elaine Thompson seeks dismissal of plaintiff's complaint against her (Doc. 18), the Court will solely summarize the pending claims against her.

and management of both MICA and J&E[2] in relation to their respective employees, including but not limited to determining employees' compensation." (*Id.*). Plaintiff alleges that Ms. Thompson violated the FLSA between January 4, 2016 and February 27, 2017 in her role with MICA and between November 28, 2016 and approximately November 4, 2017 in her role with J&E. (*Id.* at 7-8). Plaintiff further alleges that Ms. Thompson, in her role as an employer, failed to pay minimum wage and overtime payments to employees, as well as properly keep records. (*Id.* at 7-9).

Plaintiff acknowledges in the complaint that Ms. Thompson filed for personal bankruptcy on April 20, 2017 in the U.S. Bankruptcy Court for the Southern District of Ohio, Case No. 17-11433. (Doc. 1 at 3 n.1). Plaintiff alleges that the "Secretary's efforts to enforce any monetary portion of any judgment obtained against Defendants will be consistent with the Bankruptcy Code." (*Id.*). As relief, plaintiff seeks (1) an injunction as to Ms. Thompson and the other defendants to prospectively comply with the FLSA ("compliance injunction"); (2) monetary judgment for back wages and liquidated damages ("monetary judgment"), or (3) in the event liquidated damages are not awarded, an injunction prohibiting Ms. Thompson and the other defendants from withholding payment of back wages and prejudgment interest ("monetary injunction"); (4) costs of this action; (5) such other and further relief as may be necessary and appropriate. (*Id.* at 9-10).

## II. Defendant Thompson's Motion to Dismiss (Doc. 18)

Defendant Sarah Elaine Thompson moves to dismiss plaintiff's claims against her on the basis that she received a discharge in her Chapter 7 bankruptcy action, and plaintiff was included in the bankruptcy petition as a creditor. (Doc. 18 at 1). Ms. Thompson argues that the U.S.

---

[2] Plaintiff alleges that defendant J&E was a successor-in-interest to defendant MICA. (Doc. 1 at 6-7).

2

Department of Labor, Wage, and Hour Division was "scheduled as a creditor in the petition and acknowledged notice of the filing." (*Id.* at 2). Ms. Thompson alleges that she received a bankruptcy discharge order on August 15, 2017. (*Id.*). Ms. Thompson argues that plaintiff's actions "violate the provisions of [her] discharge and she is in the process of seeking damages and fees in the bankruptcy court for their willful violation of Federal Bankruptcy laws." (*Id.*).

In response, plaintiff contends that it seeks a compliance injunction based on plaintiff's actions as a § 3(d) employer under the FLSA, which is not a claim subject to discharge under the Bankruptcy Code. (Doc. 19 at 3-4). Plaintiff further argues that its complaint also seeks a monetary judgment and injunction against Ms. Thompson for her role as an employer from April 20, 2017 through November 4, 2017, a period after the bankruptcy filing, and these claims for relief are therefore not discharged by the bankruptcy petition. (*Id.* at 5-6).

### III. Resolution

In this case, plaintiff's request for a compliance injunction under the FLSA is not a claim discharged by defendant Thompson's bankruptcy petition. A Chapter 7 Bankruptcy "discharges every prepetition debt, without regard to whether a proof of claim has been filed, unless that debt is specifically excepted from discharge. . . ." *In re Madaj*, 149 F.3d 467, 469 (6th Cir. 1998) (citing 11 U.S.C. § 727). The United States Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is (1) a right to payment, or (2) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. 11 U.S.C. § 101(5)(A)-(B). The Sixth Circuit has held that "equitable relief constitutes a claim only if it is an alternative to a right to payment or if compliance with the equitable order will itself require the payment of money." *Kennedy v. Medicap Pharmacies, Inc.*, 267 F.3d 493, 497 (6th Cir. 2001) (holding an injunction to comply with non-compete in the future was not dischargeable by

3

bankruptcy). *See also United States v. Whizco, Inc.*, 841 F.2d 147, 151 (6th Cir. 1988) ("To the extent that the defendant can comply with the Secretary's orders without spending money, his bankruptcy did not discharge his obligation to comply with the orders."). As plaintiff suggests, and Ms. Thompson does not contest, the injunctive relief that the Secretary seeks in this action only requires compliance with the law— that Ms. Thompson "prospectively abide by the FLSA." (Doc. 19 at 4). Indeed, the Secretary's complaint seeks as one form of relief "an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants [including Ms. Thompson] . . . from prospectively violating the Act." (Doc. 1 at 10). As plaintiff suggests, this injunctive relief neither requires an expenditure of money by Ms. Thompson nor requires an alternative right to payment by the Secretary in lieu of compliance. (Doc. 19 at 4). Therefore, plaintiff's request for a compliance injunction is not a claim discharged in Ms. Thompson's bankruptcy.

To the extent plaintiff also seeks a monetary judgment and injunction against Ms. Thompson for the period after her bankruptcy filing, such relief is likewise not discharged by Ms. Thompson's bankruptcy petition. Under Chapter § 727 of the United States Bankruptcy Code, a debtor is discharged "from all debts that arose *before* the date of the order for relief." 11 U.S.C. § 727(b) (emphasis added). "The commencement of a voluntary case under a chapter of [the Bankruptcy Code] constitutes an order for relief. . . ." 11 U.S.C. § 301(b). Ms. Thompson commenced her voluntary Chapter 7 bankruptcy petition on April 20, 2017. (Doc. 18 at 2). Consistent with the above, Ms. Thompson's bankruptcy filing on that date does not discharge any claims—either for a potential monetary judgment or an injunction—originating after April 20, 2017. Therefore, as plaintiff asserts, the discharge that Ms. Thompson obtained in her bankruptcy proceeding did not discharge her from any potential monetary judgment and

injunction for back wages and liquidated damages or prejudgment interest that the Secretary's complaint seeks against Ms. Thompson from April 20, 2017 through November 4, 2017. (*See* Doc 19 at 4; 11 U.S.C. § 727(b)). Therefore, plaintiff's claims for a potential monetary judgment or monetary injunction are not claims discharged in Ms. Thompson's bankruptcy.

Consistent with the foregoing, it is **RECOMMENDED** that defendant Sarah Elaine Thompson's motion to dismiss (Doc. 18) be **DENIED**.

Date: 6/28/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,
    Plaintiff,

vs.

MICA CONTRACTING, LLC, et al.,
    Defendants.

Case No. 1:18-cv-590
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).