**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor,[1] United States Department of Labor, <br>     Plaintiff, | Case No. 1:18-cv-590 <br> Dlott, J. <br> Litkovitz, M.J. |
| vs. | |
| MICA CONTRACTING, LLC, et al., <br>     Defendants. | **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff Eugene Scalia, Secretary of Labor ("Secretary"/"plaintiff"), brings this action to enjoin and restrain defendants MICA Contracting LLC ("MICA"), J&E Builders LLC ("J&E"), Sarah Elaine Thompson, Timothy Thompson, and John Wayne House from violating Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.*, pursuant to Section 17 of the FLSA, and to recover unpaid minimum wage and overtime compensation owed pursuant to Section 16(c) of the FLSA. (Doc. 1). This matter is before the Court on the Secretary's motion for default judgment against defendant MICA, to which defendant has not responded. (Doc. 34).

**I. Background**

The Secretary initiated this action in August 2018. (Doc. 1). A waiver of service was returned executed as to defendants John Wayne House and J&E on August 27, 2018. (Docs. 3, 4). These defendants filed answers on October 22, 2018. (Docs. 8, 9). Summons was returned executed as to defendant MICA through its owner and registered agent, Sarah Elaine Thompson, and defendant Sarah Elaine Thompson on October 25, 2018. (Doc. 15). Defendant Sarah Elaine Thompson filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on November 15, 2018.

---

[1] This action was commenced in the name of R. Alexander Acosta, Secretary of Labor. On September 30, 2019, Eugene Scalia became the Secretary of Labor. (*See* Doc. 35).

(Doc. 18).  The Court subsequently denied the motion to dismiss on June 28, 2018, and defendant Sarah Elaine Thompson filed her answer thereafter.  (Docs. 24, 26, 30).  Defendant MICA filed neither an answer nor a responsive pleading.  On December 10, 2018, the Secretary filed an application for an entry of default with the Clerk against defendant MICA.  (Doc. 21).  On December 31, 2018, the Clerk entered default against defendant MICA pursuant to Fed. R. Civ. P. 55(a).  On September 13, 2019, the Secretary filed the present motion for default judgment.  (Doc. 34).  To date, defendant MICA has not filed a response to the motion for default judgment.

## II.  Resolution

The Secretary moves for default judgment against defendant MICA pursuant to Fed. R. Civ. P. 55(b)(2).  (Doc. 34).  The Secretary moves to enter a judgment against defendant MICA in the amount of $132,401.90, representing overtime compensation due under the FLSA and liquidated damages in an equal amount plus post-judgment interest, costs, and other appropriate relief.  (*Id.* at 2).  The Secretary also moves to enter a judgment against defendant MICA enjoining it from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA.  (*Id.*).  In support of its motion, the Secretary provides the Declaration of Nikolai S. Bogomolov, an investigator employed by the Columbus District Office of the Department of Labor's Wage and Hour Division, who was assigned the duty of investigating defendant MICA to determine whether any violations of FLSA had occurred between January 4, 2016 through February 27, 2017.  (Doc. 34-1).  Mr. Bogomolov represents that defendant MICA failed to comply with various provisions of the FLSA during this time period.  (*See id.*).

Federal Rule of Civil Procedure 55 governs default judgment.  Under Fed. R. Civ. P. 55(b)(2), a court may enter default judgment against a party whose default has been entered by

the Clerk under Rule 55(a). Following the Clerk's entry of default and the plaintiff's motion for default judgment, the Court must still consider whether a default judgment is proper. In this case, the Secretary alleges that defendant J&E Builders is a successor in interest to defendant MICA. (Complaint, Doc. 1 at 6). Courts have held that entering a default judgment against a defaulting defendant is premature when there are defendants remaining in the case who are alleged to be successors in interest of the defaulting defendant. *Finnerty v. Wireless Retail, Inc.*, No. CIV. 04-40247, 2007 WL 1017592, at *2 (E.D. Mich. Mar. 30, 2007) (if, as the plaintiff alleged, the other defendants are successors to the defaulting defendants, a default judgment against the defaulting defendant would "essentially be a default judgment against the vigorously defending defendants as well."); *Olsen Med., LLC v. OR Specialists, Inc.*, No. 3:14-cv-00272, 2016 WL 9455432, at *1 (W.D. Ky. Feb. 12, 2016) (noting the possibility of inconsistent judgments for successor in interest). The Secretary is not entitled to a default judgment against defendant MICA at this time because MICA's successor in interest, defendant J&E, has answered in this case and attempted to defend this case. The Court determines that the proper course of action is to keep the entry of default against defendant MICA in place, but to delay judgment until the claims against defendant J&E and the other defendants have been resolved. Accordingly, it is **RECOMMENDED** that the Secretary's motion for default judgment against defendant MICA (Doc. 34) be **DENIED WITHOUT PREJUDICE** subject to refiling**.**


Date:   11/25/19                           ___s/ *Karen L. Litkovitz*_____
                                           Karen L. Litkovitz
                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EUGENE SCALIA, Secretary of                      Case No. 1:18-cv-590
Labor, United States Department of Labor,        Dlott, J.
    Plaintiff,                   Litkovitz, M.J.

    vs.

MICA CONTRACTING, LLC, et al.,
    Defendants.
                                    **NOTICE**


Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).