UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EUGENE SCALIA, Secretary of
Labor,[1] United States Department of Labor,
Plaintiff,

Case No. 1:18-cv-590
Dlott, J.
Litkovitz, M.J.

vs.

MICA CONTRACTING, LLC, et al.,
Defendants.

REPORT AND
RECOMMENDATION

Plaintiff Eugene Scalia, Secretary of Labor ("Secretary"/"plaintiff"), brings this action to enjoin and restrain defendants MICA Contracting LLC ("MICA"), J&E Builders LLC ("J&E"), Sarah Elaine Thompson, Timothy Thompson, and John Wayne House from violating Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.*, pursuant to Section 17 of the FLSA, and to recover unpaid minimum wage and overtime compensation owed pursuant to Section 16(c) of the FLSA. (Doc. 1). This matter is before the Court on defendant J&E, John Wayne House and Sarah Elaine Thompson's motion for leave to file a third-party complaint (Doc. 35), the Secretary's response in opposition (Doc. 36), and defendants' reply memorandum (Doc. 37).

## I. Standard of Review for Third-Party Complaints

Federal Rule of Civil Procedure 14 provides that a third-party plaintiff must obtain the Court's leave to file the third-party complaint more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be jointed so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins.*

---

[1] This action was commenced in the name of R. Alexander Acosta, Secretary of Labor. On September 30, 2019, Eugene Scalia became the Secretary of Labor. (*See* Doc. 35).

*Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). Whether to allow an impleader lies within the sound discretion of the trial court. *Laurent v. Diltz*, No. 3:17-cv-343, 2018 WL 5722715, at *5 (S.D. Ohio Nov. 1, 2018) (Report and Recommendation), *adopted*, 2018 WL 6046859 (S.D. Ohio Nov. 19, 2018). In deciding a Rule 14 motion, courts consider timeliness as an urgent factor, as well as whether the third-party complaint "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Id.* (internal quotations omitted). Nevertheless, leave to file a third-party complaint should be freely granted. *Id.*

## II. Defendants' Motion for Leave to File a Third-Party Complaint (Doc. 35)

### A. The Parties' Arguments

Defendants J&E Builders, John Wayne House, and Sarah Elaine Thompson move to file a third-party complaint against Amazing Interiors, LLC and its principal, Gerardo Padilla. (Doc. 35-1). In support, defendants cite the Secretary's allegation in the complaint that they violated the FLSA as related to "purported subcontractor Amazing Interiors, LLC." (Doc. 35-1 at 2) (citing Complaint, Doc. 1 at 7). Defendants state that the Secretary seeks to recover alleged non-payment of minimum wage and overtime to Amazing's workers; therefore, Amazing Interiors, LLC and Gerardo Padilla are real parties in interest to this litigation. (*Id.* at 2-3). Defendants state that the Secretary's failure to include these necessary parties was raised as an affirmative defense in their answers. (*Id.* at 3) (citing Doc. 8 at 7; Doc. 9 at 7; Doc. 30 at 8). The proposed third-party complaint includes Counts for breach of contract, breach of duty of good faith, indemnification, and contribution against Amazing Interiors, LLC and Gerardo Padilla. (Doc. 35-2). The proposed third-party complaint also names as defendants John Does Nos. 1-20. (*Id.*).

In response, the Secretary argues that defendants' motion is untimely because it was filed a full year after defendants J&E and House filed their answers and 14 months after the Secretary's complaint was filed. (Doc. 36 at 5). The Secretary argues that defendants have failed to offer an explanation for their delay in filing the motion. (*Id.* at 6). Second, the Secretary argues that allowing defendants to bring additional parties into this action would encroach on its power to enforce the FLSA. (*Id.*) (citing *Brennan v. Emerald Renovators Inc.*, 410 F. Supp. 1057, 1062 (S.D.N.Y. 1975)). The Secretary also argues that defendants have no right to indemnification or contribution for violations of the FLSA, as the defendants allege in Counts Three and Four of the proposed third-party complaint. (*Id.* at 7) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999)). In addition, the Secretary argues that defendants cannot bring their Counts One and Two claims for breach of contract and breach of duty of good faith against the proposed third-parties because these claims effectively seek indemnification for violations of FLSA. (*Id.* at 9-10) (collecting cases).

In reply, defendants argue that their motion to file a third-party complaint is timely because the pleadings were not complete until July 2019 and its motion was filed in accordance with the Court's Calendar Order providing an October 21, 2019 deadline for amending pleadings. (Doc. 37 at 4). Defendants argue that the cases cited by the Secretary in support of its argument that the proposed third-party complaint encroaches on the Secretary's power to enforce the FLSA are factually distinguishable. (*Id.* at 6-10). Defendants argue that their indemnification and contribution claims against Amazing Interiors, LLC and Gerardo Padilla are not barred. (*Id.* at 8) (citing *Daniels v. Bd. of Trustees of the Herington Mun. Hosp.*, 841 F. Supp. 363, 369 (D. Kan. 1993)). Defendants maintain that denying their motion to file a third-party complaint would "prejudicially deny them the right and ability to prove that Amazing and

3

Padilla are solely responsible for violations of the FLSA regarding their workers and for compensation Plaintiff seeks to wrongly collect from Defendants." (*Id.* at 10).

**B. Resolution**

Although the Sixth Circuit has not decided whether there is a right of contribution or indemnification for employers under the FLSA, courts within the Sixth Circuit and several courts around the country have dismissed third-party claims that seek contribution or indemnification under the FLSA. Those courts have reasoned that allowing defendants to shift their liability to another entity or individual would allow employers to contract away their obligations under the FLSA—a result that would be contrary to the purpose of the statute by weakening an employer's incentive to comply with the FLSA. *See Neilwoldman v. AmeriColor, LLC*, No. 3:18-cv-00151, 2018 WL 4384996, at *3 n.1 (M.D. Tenn. Sept. 13, 2018) (collecting cases). *See also Berryman v. Newalta Envtl. Servs., Inc.*, No. CV 18-793, 2018 WL 5631169, at *3 (W.D. Pa. Oct. 31, 2018) (holding that courts "have uniformly agreed that an employer found liable under the FLSA has no right to contribution or indemnity from a third party.").

In *Herman v. RSR Sec. Servs. Ltd.*, a case cited by the Secretary and cited as persuasive authority by many courts, the Second Circuit Court of Appeals held that there is no right of contribution or indemnification for employers under the FLSA. 172 F.3d at 143. The *Herman* Court applied the principles and analysis of the United States Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981), holding that no action for contribution is allowed under Title VII or the Equal Pay Act. *Id.* In a matter of first impression for the Second Circuit, the Court concluded that there is no right of contribution or indemnification under the FLSA because: (1) the text of the statute makes no provision for contribution or indemnification; (2) employers are not members of the class for whose benefit

4

the FLSA was enacted; (3) the FLSA has a comprehensive remedial scheme that strongly counsels against "judicially engrafting additional remedies," such as contribution or indemnification; and (4) the FLSA's legislative history is silent on a right to contribution or indemnification. *Id.* at 144. Applying *Herman*, the Southern District of New York explained how a right to indemnification or contribution would contravene the intent of the FLSA:

> Whether or not [the third-party defendant] breached a contractual obligation, defendants' attempt to recover damages from [the third-party defendant] for overtime violations is an attempt to receive indemnification for FLSA liability. As *Herman* makes clear, "there is no right to contribution or indemnification for employers held liable under the FLSA." 172 F.3d at 144. Even assuming [the third-party defendant] were found culpable for FLSA violations as plaintiff's "co-employer," the right to indemnification is still absent. *See id.* at 143 (explaining that "regardless of the status of the party from whom [the employer] seeks contribution" no right to indemnification exists for employers under the FLSA). Furthermore, allowing defendants to obtain indemnification from [the third-party defendant] contradicts the policies of the FLSA. As *Herman* explains, "the [FLSA] was designed to regulate the conduct of employers for the benefit of employees. . . ." *Id.* at 144. Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute. We therefore hold that the Company has no right to indemnification for damages assessed under the FLSA. . . .

*Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001).

Defendants argue that *Herman* is distinguishable from this case because "the defendant in that case, who was a 50% owner of the business charged with FLSA violations, brought a third-party complaint and cross-claims against *employees* of the business and the other 50% owner." (Doc. 37 at 8). Defendants allege that the third-party complaint does not seek any relief from any employee or any owner related to defendants. (*Id.*). Defendants allege that this case is different because defendants have no ownership or control over any aspects of employment or compensation for Amazing's employees. Defendants argue that the Court should instead follow the holding of *Daniels*, a case from the District of Kansas. (*Id.*) (citing *Daniels*, 842 F. Supp. at 369).

5

The Court finds that the reasoning provided in *Herman*,[2] as recognized by District Courts in the Sixth Circuit, is persuasive. The holding of *Herman*, which relies on the U.S. Supreme Court's decision in *Northwest Airlines*, generally prohibits third-party complaints by employers that seek indemnity or contribution for FLSA violations. Contrary to defendants' argument, *Herman* holds that "regardless of the party from whom [an employer] seeks contribution," an employer is outside the statute's intended protection. *Herman*, 172 F.3d at 143. Indeed, courts have applied the *Herman* Court's reasoning that employers have no right to contribution or indemnification under the FLSA, regardless of the party from whom they seek contribution or indemnification. *See Herman*, 172 F.3d at 143 ("status as an employer places [it] outside of the statute's intended protection, regardless of the status of the party from whom [it] seeks contribution"). *See also Gustafson*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001) ("even assuming [the third-party defendant] were found culpable for FLSA violations as plaintiff's 'co-employer,' the right to indemnification is still absent") (citing *Herman*, 172 F.3d at 143); *Neilwoldman*, 2018 WL 4384996, at *3-4 (dismissing third-party complaint seeking right of indemnification or contribution under the FLSA against third-party defendants that were fee-based staffing agencies); *Strauss v. Italian Vill. Rest., Inc.*, No. 1:11-cv-03202, 2012 WL 5389746, at *4 (N.D. Ill. Nov. 2, 2012) (applying FLSA principles to Illinois state law and holding that because the statute is designed to protect employees, its "goals would be undermined by diminishing the employer['s] compliance incentives if an employer were permitted to seek indemnity or contribution" against third-party defendants who were various persons and entities involved with managing the payroll for defendants' employees) (internal quotation omitted); *Finke v. Kirtland*

---

[2] The *Daniels* decision cited by defendants pre-dates the *Herman* decision and therefore does not address the issues raised in *Herman*. The Court remains persuaded by the reasoning outlined in *Herman* and followed by numerous other courts that actions for indemnity or contribution under the FLSA are contrary to the intent of the statute.

*Cmty. Coll. Bd. of Trustees*, 359 F. Supp. 2d 593, 599 (E.D. Mich. 2005) (applying *Herman* and dismissing third-party complaint for indemnity and contribution against third-party defendant and noting that the plaintiff did not name the third-party defendant in the action as an employer or co-employer, nor did he seek damages from him). The Court concludes that defendants are barred from bringing their Counts 3 and 4 claims for indemnification and contribution against proposed third-party defendants Amazing Interiors, LLC and Gerardo Padilla. Allowing defendants to shift their potential FLSA liability to a third-party would undermine the purposes of the statute and weaken their incentive to comply with the FLSA.

Defendants are likewise barred from bringing their Counts 1 and 2 claims for breach of contract and breach of duty of good faith against the proposed third-party defendants. While phrased as separate claims, these claims in reality seek indemnification and contribution from Amazing Interiors, LLC and Gerardo Padilla for violations of the FLSA. In these claims, defendants specifically seek relief against the proposed third-party defendants in the amount of no less than $75,000 "*and/or* any obligation to remit compensation and/or penalties for Amazing and/or Padilla's violations of the FLSA." (Doc. 35-2 at 9) (emphasis added). Given this language, these claims can only be construed as claims for indemnification or contribution. *Finke*, 359 F. Supp. 2d at 601 (holding that "[n]o matter the label or the underlying legal theory," the third-party plaintiffs' state law claim could "only be construed in this light as one for contribution or indemnity, which . . . is not allowed under the FLSA"). To the extent that Counts 1 and 2 of the third-party complaint may be read as state law breach of contract and breach of duty of good faith claims that are unrelated to the FLSA claims, the Court should decline to exercise supplemental jurisdiction over these claims. *See id.* (citing 28 U.S.C. § 1367(c)) (a district court may decline to exercise supplemental jurisdiction where "the claim raises a novel or

complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," or "the district court has dismissed all claims over which it has original jurisdiction"). This case largely centers on whether the defendants are "employers" of the individuals alleged to be "employees" who are entitled to compensation under the FLSA. The issues involved in defendants' claims of breach of contract and breach of duty of good faith that are unrelated to the FLSA claims in this case would be separate and distinct from the FLSA violations alleged by the Secretary and would needlessly complicate this case. Therefore, the Court should decline to exercise supplemental jurisdiction over Counts 1 and 2 of the proposed third-party complaint.

## C. Conclusion

Consistent with the foregoing, it is **RECOMMENDED** that defendants House, J&E, and Thompson's motion for leave to file a third-party complaint (Doc. 35) be **DENIED** in its entirety.

Date: 12/10/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of<br>Labor, United States Department of Labor,<br>    Plaintiff, | Case No. 1:18-cv-590<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| MICA CONTRACTING, LLC, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).